UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20276-CIV-UNGARO/SIMONTON

ESPANA INFORMATICA, S.A. and
ESPANA TRADING, S.A.,

    Plaintiffs,

v.

TOP CARGO, INC., et al.,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

Presently pending before the Court is Plaintiff's Motion for Relief from this Court's Order of August 1, 2008 (DE # 69). The motion is fully briefed (DE ## 71, 73, 76)[1] and referred to the undersigned Magistrate Judge (DE # 74). Based upon a review of the record and for the reasons stated herein, Plaintiff's motion is GRANTED.

I.    **BACKGROUND**

As summarized in this Court's Order Denying Plaintiff's Motion for Protective Order (DE # 66, filed 8/1/08) (the "Prior Order"), this lawsuit was filed by Plaintiff Espana Trading, S.A.[2] after a portion of its goods worth approximately $200,000 was allegedly lost during a shipment from Florida to Paraguay (DE # 22).

As set forth in the Prior Order, the parties could not resolve their dispute concerning the location of the deposition of Plaintiff's corporate representative. Plaintiff contends that its corporate representative was unable to obtain visa that is necessary to

---

[1] Defendants Top Cargo, Inc. and Damian Pelegrino filed a joint response (DE # 71), and Defendant Lloyd's Underwriters at London, Syndicate 2020 filed a separate response (DE # 73).

[2] Espana Informatica, S.A. is not longer a party to this lawsuit (DE # 37).

travel to this District for the purpose of being deposed. Plaintiff claims that its corporate representative experienced travel difficulties that made it impossible for him to deliver his application to the America Embassy in Paraguay; and, as Defendants ultimately conceded, even if the application would could be delivered, it is unlikely to be granted – or, at least granted in a timely manner – because of the corporate representative's Arab background, among other things (DE # 66).

Defendants insist that an in-person deposition of this vital witness is necessary and they refuse to travel to Paraguay due to safety concerns, among other things (*id.*).

Accordingly, a hearing was held before the undersigned Magistrate Judge on July 31, 2008. Based upon the arguments by both parties' counsel in their briefs and at the hearing, the Court ordered Plaintiff's corporate representative to appear in the Bahamas for a deposition no later than September 2, 2008, and required Plaintiff to bear the cost of one round-trip airfare for one of Defendants' counsel to attend the deposition, as well as the cost of establishing a videoconference of the deposition for any of Defendants' remaining counsel who elected to stay in Miami, Florida, rather than attend the deposition in the Bahamas (*id.*).

II.     **THE INSTANT MOTION**

After the hearing, the parties agreed to hold the deposition on August 29, 2008. On August 20, 2008, however, Plaintiff's attorney notified opposing counsel that the corporate representative's planned flight had a connection in Miami, Florida, which would require a visa. Plaintiff avers that there are no other reasonable alternative flights that would not require its corporate representative to acquire a visa (DE # 69).

Defendants contend that Plaintiff's complaints are either unfounded or should have been raised sooner, and that Plaintiff cannot be trusted to be deposed by remote

means without being improperly coached.  They argue that the extraordinary circumstances warranting relief under Federal Rule of Civil Procedure 60(b) have not been met in this case, as Plaintiff simply seeks to relitigate the issues raised in its prior Motion for Protective Order.  According to Defendant Lloyd's Underwriters, it was able to find one flight from Asuncion, Paraguay to Nassau, Bahamas with stops in Buenos Aires, Argentina and Toronto, Canada, and another flight from Asuncion to Nassau with stops in Sao Paulo, Brazil and London, England.  Lloyd's concludes that Plaintiff can therefore travel to the Bahamas without needing to obtain an American visa (DE ## 71-73).

Plaintiff replies that the alternative flights proposed by Defendants are not feasible.  For one thing, the corporate representative would need a visa to make a connection in Canada, which is not possible for all the reasons discussed in the context of the prior Order.  It is questionable whether a visa would be necessary to connect through London.  Moreover, both of the Defendants' proposed alternative flights will require 48-50 hours of travel time each way, including a six-hour drive from Ciudad del Este to Asuncion to make his departure flights (DE # 76).

   III.   ANALYSIS

The parties incorrectly apply Rule 60 to the instant dispute.  Rule 60, however, applies to *final* judgments and orders, and not to non-final *interlocutory* orders, like the Prior Order relating to discovery procedures at issue here.  *See* Fed. R. Civ. P. 60, 1946 advisory committee's note ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford

such relief from them as justice requires."); *Hardin v. Hayes*, 52 F.3d 934, 938 (holding that District Court has "plenary power" to "reconsider, revise, alter or amend" an interlocutory order entered prior to final judgment).

The express purpose of the Prior Order was to balance the costs and hardships associated with conducting the deposition of this corporate representative; and, that balance was premised on the Court's understanding – which was uncontroverted by any party in the briefs or during the detailed hearing on this issue – that it was reasonably possible for the corporate representative to travel to the Bahamas.[3]  Even assuming that it is possible for the corporate representative to construct a flight plan that does not require him to have a visa, the fact that he will have to travel at least 48 hours each way is not reasonable and it destroys the balance that the Prior Order was designed to reach. Based on this fundamental underlying misunderstanding, the undersigned finds that it is appropriate to reconsider and revise the Prior Order.

For all the reasons stated in the Prior Order, it is preferable for this deposition to be conducted in the presence of at least one of Defendants' counsel. The undersigned emphasizes, however, that the deposition of Plaintiff's corporate representative is crucial to this case and Defendants have not established that dismissal is appropriate simply because Plaintiff's corporate representative is not able to travel to the District in which Plaintiff was forced to file its lawsuit. In light of the impending discovery deadline and trial date, the undersigned concludes that the deposition must occur on or before October 21, 2008; and, that if it is impossible for the parties to arrange a live deposition

---

[3] The undersigned notes in this regard that it was Defendants, not Plaintiff, who suggested conducting the deposition in the Bahamas as an alternative to a deposition by remote means (DE # 42 at 3).

4

of Plaintiff's corporate representative, then the deposition must be conducted by remote means.

As a final note, according to Plaintiff's counsel, he informed Defendants' via email on September 8, 2008, that the deposition could occur in Cancun or Merida, Mexico, as an alternative to the Bahamas. Neither of Defendants' responses, which were filed on September 9, 2008, mentions this proposal. It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Relief from this Court's August 1, 2008 Order (DE # 69) is **GRANTED**, as follows:

1. On or before October 21, 2008, Plaintiff's corporate representative shall appear for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) in Cancun or Merida, Mexico. Plaintiff shall bear the cost of video taping the deposition.

2. Ten calendar days prior to deposition, defense counsel shall advise Plaintiff whether they will attend the deposition in Mexico in person or via videoconference. The cost of airfare for a single round-trip coach-class ticket from Miami, Florida to the airport in Mexico closest to the location of the deposition shall be divided among any of the three defense counsel who advise Plaintiff that they will attend the deposition in Mexico in person.

3. If any of defense counsel advise Plaintiff that they will attend the deposition via videoconference, Plaintiff shall bear the cost of establishing a videoconference between the deposition in Mexico and a location in Miami, Florida accessible to Defendants. In the alternative, Plaintiff may elect to pay the full round-trip coach-class airfare for all three defense attorneys to attend the deposition in person in Mexico.

4. If none of Defendants' counsel are able to attend a live deposition of Plaintiff's corporate representative in Mexico on or before October 21, 2008, then Plaintiff shall bear the cost of establishing a videoconference deposition from the location of Plaintiff's choice to a location in Miami, Florida that is accessible to Defendants.

5. The undersigned reminds the parties that they are encouraged to confer for the purpose of reaching a mutual resolution of this issue and to arrange any further details regarding this deposition or any further potential discovery matters without the need for Court intervention. This includes holding the deposition of Plaintiff's corporate representative in the Bahamas, pursuant to the terms of the Prior Order or any other terms to which the parties can agree.

**DONE AND ORDERED** in chambers in Miami, Florida on September 26, 2008.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record